IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**LARRY JONES, # 30974**                                                              **PLAINTIFF**

**VERSUS**                                                        **CIVIL ACTION NO. 1:13cv87-HSO-RHW**

**STATE OF MISSISSIPPI and**
**JACKSON COUNTY**                                                              **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER OF DISMISSAL

This matter is before the Court *sua sponte*. *Pro se* Plaintiff Larry Jones is incarcerated with the Mississippi Department of Corrections and brings this action for damages,[1] challenging his conviction for armed robbery. The Court has considered and liberally construed the pleadings. For the reasons set forth below, the Court finds that this case should be dismissed.

### I.  BACKGROUND

Plaintiff alleges that in 1975 he was wrongfully convicted in the Circuit Court of Jackson County, Mississippi, of the charge of armed robbery. Plaintiff claims that the indictment was defective, that the record only supported a charge of larceny, and that he was only arrested and tried for larceny. He proceeds under 42 U.S.C. § 1983 and seeks compensatory and punitive damages.

### II.  DISCUSSION

The Prison Litigation Reform Act of 1996, 28 U.S.C. § 1915 ("PLRA"), applies

---

[1]Because the Complaint contained both 42 U.S.C. § 1983 and habeas claims, on June 3, 2013, the habeas claims were severed and opened in cause number 1:13cv236-LG-JMR.

to prisoners proceeding *in forma pauperis* in this Court. The PLRA provides in part that "the court shall dismiss the case at any time if the court determines that . . . the action . . . –(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). This framework "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "[I]n an action proceeding under Section 1915(d), [a federal court] may consider, sua sponte, affirmative defenses that are apparent from the record even where they have not been addressed or raised." *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990). "Significantly, the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Id*. Because the Court has permitted Jones to proceed *in forma pauperis*, the Complaint is subject to the provisions allowing for *sua sponte* dismissal under § 1915.

  A § 1983 claim that challenges the fact or duration of a state conviction or sentence "is barred (absent prior invalidation) . . . if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005). In such a case, "a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by

executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). If success on the § 1983 claim "will not necessarily imply the invalidity of confinement or shorten its duration," then the action may proceed. *Wilkinson*, 544 U.S. at 82.

Success in this action would necessarily imply the invalidity of Plaintiff's State court conviction for armed robbery. Plaintiff claims he is innocent of the charge of armed robbery, and that the original indictment was dismissed and the grand jury did not amend it. Plaintiff further maintains that he was only tried for larceny and that the proof only supported a larceny conviction. Success on any one of these claims would necessarily imply the invalidity of Plaintiff's armed robbery conviction, because Plaintiff would have shown that he was convicted in violation of due process or with insufficient evidence. Therefore, this case may only proceed if Plaintiff proves his conviction has been invalidated. Because Plaintiff is simultaneously seeking habeas relief on this very conviction, it is apparent that the conviction remains valid.

Because his armed robbery conviction has not yet been invalidated, Plaintiff is precluded by *Heck* from challenging it in this § 1983 civil action at this time. The case will therefore be dismissed with prejudice for failure to state a claim, until such time as Plaintiff has the State court armed robbery conviction invalidated via appeal, post conviction relief, habeas corpus relief, or otherwise. *Johnson v.*

*McElveen*, 101 F.3d 423, 424 (5th Cir. 1996). This dismissal will count as a strike under 28 U.S.C. § 1915(g). *Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996).

### III. <u>CONCLUSION</u>

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, for the reasons stated above, this case should be and is **DISMISSED WITH PREJUDICE** for failure to state a claim until such time as *pro se* Plaintiff Larry Jones demonstrates that his armed robbery conviction has been invalidated via appeal, post conviction relief, habeas corpus relief, or otherwise. This dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g). A separate final judgment shall issue pursuant to Federal Rule of Civil Procedure 58.

**SO ORDERED**, this the 6th day of June, 2013.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE